IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT CHAMBERS　　　　　　　　*
ADC #550525　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Plaintiff,　　　　　*
v.　　　　　　　　　　　　　　　　*　　　No. 4:25-cv-00303-JJV
　　　　　　　　　　　　　　　　　*
ANTONIO JOHNSON, JR,　　　　　　*
Major/Chief of Security Officer,　*
Tucker Unit, *et al.*　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Defendants.　　　　　*

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Plaintiff Robert Chambers says Defendant Nurse Akesha King violated his Eighth Amendment rights, as protected by 42 U.S.C. § 1983, by denying him adequate medical care after he was beaten by inmates at the Tucker Unit in March 2024.  (Doc. 2)  All other claims and Defendants have been previously dismissed without prejudice.  (Docs. 16, 26.)  And the parties have consented to proceed before me. (Doc. 25.)

Defendant King has filed a Motion for Summary Judgment arguing she is entitled to judgment as a matter of law.  (Doc. 31-33.)  I gave Plaintiff an extension of time until April 24, 2026 to file a Response. (Doc 37.)  But he has not done so.  Thus, the facts in Defendant's Statement of Undisputed Facts (Doc. 33) are deemed admitted.  *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).  And, as will be discussed, those facts are supported by the record.  After careful consideration and for the following reasons, the Motion will be GRANTED, and Plaintiff's claim against Defendant King will be DISMISSED with prejudice.

1

## II.     SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).   The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).   In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    FACTS

Plaintiff says that sometime between March 1 and 18, 2024, several inmates in the 3B barrack severely beat him and broke his ribs.  (Doc. 2 at 11.)  On an unspecified date, Plaintiff allegedly submitted an electronic sick call seeking treatment after spending "days in the barracks; too afraid to ask for medical attention" because the inmates who beat him would not let him ask for help.  (*Id*.)  Plaintiff says:

> Within (10) ten minutes after submitting the electronic sick call, Nurse King came to my barracks (3B) - rather than call me down to the infirmary like her medical protocols and policies required her to do - and asked, in front of the entire barracks really loudly, how my ribs got hurt.  Every inmate in the barracks, including the inmates who assaulted me, were looking and listening to see what I would say to the nurse. Knowing this and fearing for my life, I lied and told Nurse King that I fell down.  She then slammed the door in my face and walked off (see my eOmis medical records).  By NOT treating me at all and forcing me to openly discuss my

2

medical problems in front of all those inmates, Nurse King violated my HIPPA[1] medical privacy rights, and was deliberately indifferent to my serious medical needs. It was obvious to everyone, including Nurse King, that I was in serious pain. She brought NO medical devices to check me out with to see what the problem was, and she did NOT medically examine me in any way, form, or fashion; all because I did not tell her how my ribs got broken.

(*Id.*at 11-12.)

According to the medical records, Plaintiff refused sick call on March 12, 15, and 18, 2024. (Docs. 33-20, 33-21, 33-22.) It is unclear why medical providers attempted to see him on those days. But it does not appear, from the signatures on those records, that Nurse King was one of the health care providers who attempted to treat him on those days. (*Id.*)

On March 19, 2024, Plaintiff submitted a Health Services Request (HSR) saying he thought his ribs were broken. (Doc. 33-23.) On March 20, 2024, he went to the infirmary where he told a non-party nurse that his ribs were injured during a March 18, 2024 altercation. Plaintiff described his pain as eight out of ten. But the nurse did not see any signs of bruising and noted Plaintiff walked with a steady gait. She then prescribed naproxen for pain, ordered x-rays, and imposed "M2" restrictions.

From March 21 to 25, 2024, Plaintiff was seen twice a day by nurses, including Nurse King on three occasions, while he was in segregation. (Docs. 33-24, 33-25.) He did not report any issues during those rounds.

On March 25, 2024, Plaintiff told a non-party in the infirmary that his rib pain would not subside and was interfering with his rest. (Doc. 33-26.) The nurse noted Plaintiff's left flank was tender to the touch, but that there were no signs of swelling or discoloration. She continued Plaintiff's naproxen prescription and referred him to a provider.

---

[1] Plaintiff's HIPPA claim was previously dismissed. (Docs. 5, 16.)

On March 28, 2024, Plaintiff told a non-party nurse in the infirmary that he was punched in the ribs "2-3 weeks ago" and that naproxen had improved his pain, but his ribs were still tender. (Doc. 33-27.)  After an exam, the nurse noted Plaintiff had tenderness in the 7th and 8th ribs on his left side.  She then increased his naproxen.

On April 16, 2024, a non-party doctor told Plaintiff the x-rays taken on March 20, 2024 revealed "acute/subacute rib fractures."  (Doc. 33-30.)  The doctor noted Plaintiff ambulated without assistance with a steady, brisk gate and that Plaintiff did not report any acute medical concerns.  The doctor prescribed naproxen, acetaminophen, and ibuprofen for pain.  And on April 25, 2024, Defendant King renewed Plaintiff's naproxen prescription.  (Doc. 33-31.)

## IV.    DISCUSSION

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Dantzler v. Baldwin*, 133 F.4th 833, 843 (8th Cir. 2025) (quoting *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016)).  To establish an Eighth Amendment violation, Plaintiff must have evidence: (1) he had an objectively serious medical need; and (2) Defendant King subjectively knew of, but deliberately disregarded, that serious medical need.  *See Dantzler v. Baldwin,* 133 F.4th 833 (8th Cir. 2025); *Jones v. Faulkner Cnty.,* 131 F.4th 869, 874 (8th Cir. 2025).  Defendant King has not challenged Plaintiff's assertion that he had an objectively serious medical need for his obvious rib pain.

Thus, this case turns on the second element of deliberate indifference, which is a high threshold that goes well beyond negligence or gross negligence.  *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).  Similarly, a mere disagreement with the course of medical care is insufficient.  *Hall*, 77 F.4th at 1179; *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018).  Instead, to establish deliberate indifference, there

4

must be evidence the defendant "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Shipp v. Murphy,* 9 F.4th 694, 703 (8th Cir. 2021) (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Presson v. Reed*, 65 F.4th 357, 376 (8th Cir. 2023)

The problem here is that there is no medical evidence that Defendant King came to 3B barracks and refused to treat or examine Plaintiff after he reported he fell down and injured his ribs. *See Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of MN.* 109 F.4th 1033, 1038 (8th Cir. 2024) (to defeat summary judgment "[a] plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor). To the contrary, the medical records demonstrate Plaintiff declined medical care offered on March 12, 15, and 18, 2024 by various medical providers. The medical records also show when Plaintiff filed a sick call reporting rib pain on March 19, 2024, he was seen the next day by a non-party who ordered x-rays that later revealed he had two fractured ribs that were treated with pain medications. Defendant King's only personal involvement was that she performed segregation rounds on three occasions, during which Plaintiff did not seek any medical care, and she renewed the pain medications prescribed by other individuals. Finally, registered nurse Norma Kelsay says, in her sworn affidavit, that based on her training, education, and expertise, the care Defendant King provided to Plaintiff was medically appropriate. (Doc 33-4.) "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment." *Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019). Because there is no evidence demonstrating Defendant King was aware of, but deliberately indifferent to, Plaintiff's need for medical treatment for his broken ribs, I conclude

she is entitled to summary judgment.

That being said, I am aware Plaintiff says prison medical providers put him in harm's way by attempting to examine him in 3B barracks while he was still around the inmates who beat him. But deliberate indifference is a high threshold that requires subjective knowledge. Nothing in the record suggests Defendant King actually knew Plaintiff needed medical attention for his rib injury but refused, with deliberate indifference, to provide it. Thus, she is entitled to summary judgment.

## V.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1.    Defendant King's Motion for Summary Judgment (Doc. 31) is GRANTED, and Plaintiff's inadequate medical claim against her is DISMISSED with prejudice.

3.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

Dated this 29th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE